IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH SOILEAU, JR., Individually and on behalf of other employees similarly situated | § § § § | |
| **Plaintiff** | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| ARGOS USA, LLC d/b/a ARGOS CEMENT, LLC | § § § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendant** | § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Now comes JOSEPH SOILEAU, JR. ("Plaintiff") individually and on behalf of all others similarly-situated, and complains of ARGOS USA, LLC ("Defendant") and for cause of action would show the Court as follows:

**I.
INTRODUCTION**

1. Plaintiff brings a collective action to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq*.

2. Plaintiff seeks back pay and liquidated damages, attorney's fees, and taxable costs of court, pursuant to 29 U.S.C. §216(b), for Defendant's willful failure to pay overtime to Plaintiff and all others similarly-situated, during their employment with the Defendant.

   Accordingly, Plaintiff brings this action on behalf of himself and other employees similarly-situated. Plaintiff refers to Class Members and Plant Supervisors and other employees similarly situated employees interchangeably throughout this lawsuit.

1

## II.
## JURISDICTION AND VENUE

3. Plaintiff's claim arises under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §201 *et. seq*. Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

4. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in the Southern District of Texas. Venue is also proper in the Southern District of Texas because Defendant conducts business in Texas and in the Southern District of Texas.

## III.
## PARTIES

5. Plaintiff Joseph Soileau, Jr. lives in Harris County, Texas. Plaintiff Soileau is suing in both his individual capacity and on behalf of similarly-situated employees.

6. Defendant Argos USA, LLC, is a Georgia corporation that conducts business in the State of Texas. Defendant may be served by serving its registered agent Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas, 78701, or at any other place it may be found.

## IV.
## COVERAGE OF THE FLSA

7. Argos is a multi-national company that produces, and markets cement and ready-mix concrete through its operations in Colombia, the United States, Central America, and the Caribbean islands. https://www.argos.co/usa/about-us/context

8. On its website Defendant describes itself as the second largest producer of cement and concrete in the southeast United States. Defendant currently has four cement plants, three

2

clinker mills, ten concrete factories and seventeen ports and terminals within the United States. https://www.argos.co/usa/about-us/context

9. Argos has a concrete factories in the following states: Texas, Arkansas, Alabama, Florida, North Carolina, South Carolina, and Virginia. https://www.argos.co/usa/about-us/context

10. At each concrete factory, Argos employed one or more "Plant Supervisors".

11. The "Plant Supervisors" perform the work of a batch-man.

12. Plant Supervisors do not make managerial decision on hiring and firing.

13. At all material times, Defendant has been an employer within the meaning of the FLSA.

14. At all material times, Defendant has operated an enterprise within the meaning of the FLSA.

15. At all material times, Defendant has operated an enterprise engaged in commerce and/or in the production of goods for commerce within the meaning of the FLSA.

16. Argos classified Plaintiff and Class Members as exempt under the executive exemption.

17. Argos classified Plant Supervisors as exempt since they perform administrative duties.

18. Argos did not pay the plant supervisors overtime.

## V.
## CLASS ALLEGATIONS

19. Plaintiff and other members of the employees similarly situated worked as a batch-man.

20. The Plaintiff and Plant Supervisor would work sixty to seventy hours a week without overtime.

21. Defendant's hours of operation exceeded forty hours a week.

22. Since the Plaintiff and Plant Supervisors were involved in opening and closing the plant, Defendant required that they work over forty hours a week.

23. Plaintiff would often arrive at work before sunrise.

24. Plaintiff and the other Plant Supervisors main job function consist of mixing cement.

25. Plaintiff and the Class Members performed the same jobs.

26. Plaintiff and the Class Members did not engage in any contract negotiations.

27. Plaintiff would receive orders for a batch of concrete.

28. Plaintiff would enter the ticket order information into the computer system: project information, ticket information, customer number, delivery address, instructions from the sales department, and the designated mix designed.

29. The computer system would access the company's database and provide the exact mixture for the type and amount of concrete ordered by the customer.

30. Plaintiff would then press start and the machine would assemble the concrete mixture and insert them into the cement truck for mixture and delivery.

31. Plaintiff would monitor the mixing process to make sure that the process is completed.

32. Plaintiff and other Class Members had no discretion:

    a. To decide which loads of concrete to load into which truck;

    b. To change the pre-programed weight of sand, limestone, cement, fly ash, chemical and water to produce concrete for a job; or,

    c. To choose which of the more than 4,000 preprogramed settings to make a batch of concrete.

33. Plaintiff files this case an "opt-in" class action as specifically allowed by 29 U.S.C. §216(b).

34. The class that the Plaintiff looks to represent may be described as follows:

    All current and former employees employed by Argos US Corporation as a Plant Supervisor I at any location in the United States owned, operated and/or acquired by Defendant during the class period.

35. Plaintiff looks to represent only those members of the above-described group who, after appropriate notice of their ability to opt-in to this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. §216(b).

36. Those persons who choose to opt in, hereinafter referred to as the "Plaintiff Class" will be listed on later pleadings and copies of the written consents to sue will be incorporated here by reference.

37. Plaintiff contends that this action is appropriate for class action status because the Defendant herein has acted in the same manner with regard to all members of the Plaintiff Class.

38. The members of the Plaintiff Class are similarly-situated to Plaintiff and are owed overtime wages for the same reasons as the Plaintiff. These employees should be notified of this case and given the opportunity to joint this suit.

## VI.
## FACTUAL ALLEGATIONS

39. At all times relevant to this action, Defendant has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq*.

40. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action and continuing thereafter.

5

41. Defendant owns and operates a chain of ready mix concrete for production and delivery.

42. Defendant employed Plaintiff as a "Plant Supervisor I" to operate and mix concrete and concrete machinery.

43. As a Plant Supervisor I for Defendant, most of Plaintiff's duties involved mixing concrete, upkeep and maintenance of plant, and physical inspection of silo stoppage.

## VII.
## UNPAID OVERTIME COMPENSATION

44. Every allegation contained in the foregoing paragraphs is re-alleged as if fully re-written.

45. Plaintiff routinely worked more than forty (40) hours per week for Defendant and reported these overtime hours accurately.

46. However, Defendant refused to pay Plaintiff for more than forty hours per week. Defendant instructed Plaintiff's supervisors to alter the records of Plaintiff's hours of work to make it appear that Plaintiff did not work overtime.

47. Defendant paid Plaintiff on a salary rate but paid no compensation for any hours after the first forty (40) in each week.

48. Defendant did not accurately record all the hours in which Plaintiff worked.

49. Plaintiff was a non-exempt employee.

50. Defendant has not made a good faith effort to comply with the FLSA. Rather, the Defendant knowingly, willingly, and/or with reckless disregard carried out its illegal pattern or practice regarding minimum wages and overtime compensation.

## VIII.
## COLLECTIVE ACTION ALLEGATIONS

51. Every allegation contained in the foregoing paragraphs is re-alleged as if fully re-written.

52. Other employees have been victimized by this pattern, practice, and policy of the Defendant that is in violation of the FLSA.

53. Thus, from discussion with his supervisors, Plaintiff knows that Defendant treats the workers at its concrete manufacturing plants as supervisors.

54. Members of the Plaintiff Class are being denied their lawful wages since Defendant is classifying them as exempt supervisors.

55. Accordingly, Defendant's pattern or practice of not paying the employee's overtime pay (at time and one-half) as required by the FLSA results from Defendant's widespread application of policies and practices and does not depend on the personal circumstances of the members of the Plaintiff Class.

56. Thus, Plaintiff's experiences are typical of the experience of the Plaintiff Class. The specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment.

57. All employees, regardless of their job requirements or rates of pay, who are denied overtime compensation for hours worked more than forty (40) per week, are similarly-situated.

58. Although the issue of damages may be individual in character, the facts related to liability are common to the Plaintiff Class.

59. Plaintiff and the Plaintiff Class seek an amount of back pay equal to the overtime compensation which has been unlawfully withheld in a period beginning three years prior to the filing of this lawsuit and continuing until the date of trial.

## IX.
## CAUSE OF ACTION: FAILURE TO PAY OVERTIME

60. Every allegation contained in the foregoing paragraphs is re-alleged as if fully re-written.

61. Defendant's failure to pay overtime wages, to the Plaintiff and the Plaintiff Class, was and is in violation of the FLSA. Accordingly, the Plaintiff and the Class are entitled to overtime in an amount equal to one and one-half times their regular rates of pay for each hour worked over forty in each workweek.

62. Additionally, the Plaintiff and the Plaintiff Class are entitled to an amount equal to all their unpaid wages as liquidated damages.

63. The fact that Defendant routinely edits the records of its employees' hours of work to eliminate or reduce the overtime recorded, shows that Defendant is aware of its own continuing FLSA violations and seeks to conceal them.

64. Every allegation contained in the foregoing paragraphs is re-alleged as if fully re-written.

65. Plaintiff and the Plaintiff Class are entitled to recover attorneys' fees and costs of this action as provided by the Fair Labor Standards Act, 29 U.S.C. §216(b).

## X.
## JURY DEMAND

66. Plaintiff demands a jury trial.

## XI.
## PRAYER

67. WHEREFORE, Plaintiff requests that this Court award him and the Plaintiff Class judgment against Defendant for the following relief:

   a. A declaration that Defendant has violated the Fair Labor Standards Act, specifically 29 U.S.C. 207, by not paying Plaintiff and Members of the Plaintiff Class overtime pay at one and one-half times their regular hourly rate for all hours more than forty (40) worked during each seven-day work period.

   b. Damages for the full amount of their unpaid overtime compensation;

   c. An equal amount as liquidated damages;

   d. Reasonable attorney's fees, costs, and expenses of this action;

   e. Such other and further relief as may be allowed by law.

\								Respectfully submitted,

								TRAN LAW FIRM

								/S/Trang Q. Tran
								Trang Q. Tran
								Federal I.D: 20361
								Texas Bar No. 00795787
								2537 South Gessner, Suite 104
								Houston, Texas 77063
								(713) 223-8855 Telephone
								(713) 623-6399 Facsimile
								ttran@tranlawllp.com
								service@tranlawllp.com

								**LEAD ATTORNEY FOR PLAINTIFF**

## JURY DEMAND UNDER FED. R. CIV. P. 38

Plaintiff demands a jury for every issue triable to a jury.

9